**STATE of Missouri, Respondent,**

v.

**Bob RIDINGS, Appellant.**

No. 19463.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 31, 1994.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

1. Statutory references are to RSMo 1986.

MONTGOMERY, Judge.

Movant appeals from the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. This Court affirms.

Movant was charged in the underlying criminal case with the offense of sexual assault in the second degree, § 566.050.[1] On January 29, 1993, Movant entered a plea of guilty to this offense. He was sentenced on March 23, 1993, to a term of two years' imprisonment. Movant was delivered to the department of corrections on March 31, 1993.

On November 5, 1993, Movant filed a *pro se* Rule 24.035[2] motion. The motion court denied Movant's postconviction motion, finding it to be procedurally barred as untimely.

■ In Movant's single point, he attacks the dismissal of his motion by asserting that the time limits in Rule 24.035 operate to deny him due process of law, in that the rule makes no provision for the late filing of a postconviction motion for good cause shown. Movant concedes this issue has been rejected by the Missouri Supreme Court but argues this issue concerns a meritorious question of federal constitutional law.

■ Rule 24.035(b) provides that a motion under this rule "shall be filed within ninety days after the movant is delivered to the custody of the department of corrections." In this case Movant was well past the filing deadline. The time limitation in this rule is valid, mandatory, reasonable, and serves the legitimate ends of avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to file a timely motion procedurally bars a movant from seeking relief under the rule. *Thomas v. State,* 808 S.W.2d 364, 365 (Mo. banc 1991). The time limitation in Rule 24.035(b) does not violate Movant's right to due process.

2. Rule references are to Missouri Rules of Court (1994).

*Day v. State,* 864 S.W.2d 24, 25 (Mo.App. 1993).

Movant's point has no merit. The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.