**Stanley Tyrell JOHNSON, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

**No. ED 89813.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 29, 2008.

Stanley Tyrell Johnson, Bonne Terre, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel Neal McPherson, Asst. Atty. Gen., Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Stanley Tyrell Johnson ("Movant") appeals from the trial court's dismissal of his Motion to Reopen 29.15 Proceedings Due to Fraud and Abandonment of Counsel Under Rule 29.15.[1] ("Motion"). We dismiss for lack of jurisdiction.

*Background*

Following a jury trial, Movant was convicted of first-degree burglary and assault, armed criminal action, and violating an order of protection. We affirmed Movant's judgment of conviction on appeal. *State v. Johnson*, 148 S.W.3d 873 (Mo.App. E.D.2004).

---

**1.** This motion sought to re-open Movant's post-conviction relief motion filed pursuant to Mo. R.Crim. P. 29.15 (2006). All subsequent rule references are to Mo. R.Crim. P.2006, unless otherwise indicated.

Movant timely filed a pro-se Rule 29.15 motion to vacate. Thereafter, Movant filed an amended Rule 29.15 motion to vacate, set aside or correct judgment, which the motion court denied without an evidentiary hearing. Movant appealed this denial, maintaining that the motion court clearly erred because he alleged facts, not refuted by the record, that the state committed prosecutorial misconduct by willfully omitting and altering evidence in his case. We affirmed the motion court's denial in *Johnson v. State*, 202 S.W.3d 35 (Mo.App. E.D.2006).

Movant filed this Motion on April 30, 2007 requesting reconsideration of his Rule 29.15 proceeding. As the basis for his Motion, Movant claims that the record and facts demonstrated his post-conviction counsel failed to comply with Rule 29.15 because the amended motion counsel filed on his behalf did not assert sufficient additional facts or include all claims known to Movant. Specifically, Movant claimed the record reflected no activity by his appointed post-conviction counsel to demonstrate compliance with Rule 29.15(e), because his amended motion was denied for being vague, confusing, and not showing that, but for counsel's unprofessional errors, the outcome of the trial would have been different. Movant averred his post-conviction counsel failed to ascertain the facts and properly to amend his claims in a lawyer-like fashion. Movant also alleged that his post-conviction counsel failed to communicate sufficiently with him because their only correspondence was through the mail.

The trial court dismissed the Motion for lack of jurisdiction on May 9, 2007, taking judicial notice that a mandate was entered in Movant's post-conviction appeal on September 19, 2006.

## Point on Appeal

In his sole point on appeal, Movant alleges the trial court erred and abused its discretion in dismissing his Motion without inquiring as to whether his post-conviction counsel abandoned him because the record facially raised a presumption of abandonment "in that post-conviction counsel did not comply with the meaning, spirit, or letter of Missouri Supreme Court Rule 29.15(e)."

## Discussion

■■■ Pursuant to Missouri Rule of Civil Procedure 75.01 (2006), a trial court's jurisdiction to re-open Rule 29.15 proceedings is limited to the thirty days following the court's ruling in the post-conviction proceeding. *Edgington v. State*, 189 S.W.3d 703, 706 (Mo.App. W.D.2006). A narrow exception to this limitation allows the post-conviction court to reopen the proceeding to address a claim of abandonment by post-conviction counsel in two instances: 1) when post-conviction counsel fails to take any action on a movant's behalf and the record shows the movant is deprived of a meaningful review of his claims; or 2) when post-conviction counsel is aware of the need to file an amended motion and fails to do so in a timely fashion. *Id.* Abandonment occurs if post-conviction counsel files an amended motion so patently defective that it amounts to a nullity. *Robinson v. State*, 211 S.W.3d 162, 163 (Mo.App. E.D.2007).

Movant's post-conviction counsel entered her appearance, requested additional time to file an amended motion, and then timely filed an amended motion in which she raised several claims of error and requested an evidentiary hearing. The amended motion filed on behalf of Movant edited Movant's pro-se motion for clarity, spelling and grammar, but included no additional claims because post-conviction counsel con-

cluded that no additional claims could be added to the motion for post-conviction relief.

In denying Movant's amended Rule 29.15 motion to vacate, set aside or correct judgment, the motion court repeatedly stated that the evidence in the case against Movant was so overwhelming that Movant could not demonstrate he was prejudiced or that, but for counsel's unprofessional errors, the results of his trial would have been different.

The record on appeal contains an Order & Memorandum documenting his post-conviction counsel's presence on Movant's behalf at a prehearing conference, and two letters she wrote to Movant, one in which she indicated that she was reviewing two sets of information forwarded by Movant, and one in which she addressed various complaints and accusations apparently voiced by Movant. The letters contained in the record on appeal show that post-conviction counsel reviewed Movant's case and researched case law to determine whether additional claims could be included in the amended petition for post-conviction relief. Given the record on appeal and the facts shown therein, it is difficult for us to accept Movant's suggestion and argument that post-conviction counsel abandoned Movant's claim for post-conviction relief or that the record on appeal raises a presumption of abandonment.

■ While Movant attempts to frame his motion in terms of abandonment, he actually alleges ineffective assistance of post-conviction counsel. Because there is no recognized constitutional right to counsel in a Rule 29.15 proceeding, a movant has no right to effective assistance of post-conviction counsel. *Edgington,* 189 S.W.3d at 707. Accordingly, such claims are "categorically unreviewable." *Robinson,* 211 S.W.3d at 163, quoting *Walker v.*

*State,* 194 S.W.3d 883, 885 (Mo.App. E.D. 2006).

Movant does not allege any facts establishing that his post-conviction counsel abandoned him in a manner that requires the reopening of his Rule 29.15 proceeding more than thirty days following the court's ruling. *See Edgington,* 189 S.W.3d at 706. In the absence of such factors, the trial court lacked jurisdiction to hear Movant's claims and properly dismissed his Motion.

■ Appellate jurisdiction derives from that of the circuit court. *Robinson,* 211 S.W.3d at 164. Consequently, where the trial court lacked jurisdiction and properly dismissed Movant's Motion, we likewise lack jurisdiction to review Movant's claims. Appeal dismissed.

### Conclusion

Because the trial court lacked jurisdiction to hear Movant's claim, this appeal is dismissed.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., Concur.