Cornell WHITE, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. ED 90764.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 2, 2008.

Rehearing Denied Oct. 9, 2008.

Cornell White, Cameron, MO, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jamie Pamela Rasmussen, Jefferson City, MO, for respondent/respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Cornell White (Appellant) appeals from the motion court's order denying, without an evidentiary hearing, his motion to reopen his Rule 29.15[1] post-conviction proceeding. We dismiss for lack of jurisdiction.

*Factual and Procedural Background*

After a jury trial, Appellant was convicted of two counts of murder in the second degree and two counts of armed criminal action. This Court affirmed Appellant's convictions and sentences on appeal. *State v. White,* 9 S.W.3d 643 (Mo.App. E.D. 1999).

Appellant filed a *pro se* Rule 29.15 motion for post-conviction relief and appointed counsel filed an amended motion. The motion court entered findings of fact and conclusions of law, denying Appellant's motion for post-conviction relief without an evidentiary hearing. On appeal, this Court held that the motion court's findings and conclusions were insufficient because they failed to address Appellant's *pro se* claims. *White v. State,* 57 S.W.3d 341, 343–44 (Mo.App. E.D.2001). This Court remanded Appellant's case for further findings and conclusions. *Id.* at 344.

On remand, the motion court issued supplemental findings of fact and conclusions of law and again denied Appellant's post-conviction motion. This Court affirmed the motion court's denial on appeal. *White v. State,* 90 S.W.3d 498 (Mo.App. E.D. 2002).

---

1. All rule references are to Mo. R.Crim. P.2007, unless otherwise indicated.

On November 19, 2007, Appellant filed his Motion to Inquire into Abandonment of Post–Conviction Counsel and Reopen Original 29.15 Proceedings. Appellant alleged that his post-conviction counsel abandoned him by failing to incorporate Appellant's *pro se* claims into the amended brief filed in the appeal of the denial of his post-conviction motion following this Court's remand. On November 26, 2007, the motion court denied Appellant's motion. This appeal followed.

## Points on Appeal

In his first point on appeal, Appellant argues the motion court clearly erred in not holding an evidentiary hearing on his motion.

In his second point on appeal, Appellant argues the motion court erred in not finding abandonment where counsel only filed a replicated portion of one of his *pro se* claims on appeal and did not file his *pro se* brief as promised.

## Standard of Review

■ The review of the denial of a motion to reopen post-conviction proceedings is limited to a determination of whether the motion court's findings and conclusions of law are clearly erroneous. *Edgington v. State,* 189 S.W.3d 703, 705 (Mo.App. W.D. 2006). The motion court's findings and conclusions will be deemed clearly erroneous only if we are left with the definite and firm impression that a mistake has been made after reviewing the entire record. *Id.*

## Discussion

■ Rule 29.15 proceedings are governed by the rules of civil procedure. Rule 29.15(a). The motion court's jurisdiction to reopen post-conviction proceedings is limited to the thirty days following the court's ruling in the proceeding. Rule 75.01; *Edgington,* 189 S.W.3d at 706. The only exception to this limitation allows the motion court to reopen the proceeding to address a claim of abandonment by post-conviction counsel. *Johnson v. State,* 244 S.W.3d 226, 228 (Mo.App. E.D.2008). Abandonment is limited to instances in which post-conviction counsel either (1) fails to take any action on the movant's behalf and the record shows the movant is deprived of a meaningful review of his claims or (2) is aware of the need to file an amended motion and fails to do so in a timely fashion. *Id.*

■ Appellant claims he was abandoned by his post-conviction counsel when counsel failed to include all of Appellant's *pro se* claims into the amended brief filed by counsel after counsel promised he would do so. Appellant claims this is an issue of first impression, and encourages this Court to expand the abandonment exception to include situations where counsel fails to include the *pro se* claims as promised.

Although counsel may not have raised all of Appellant's *pro se* claims, counsel did not abandon Appellant. Counsel clearly took action on Appellant's behalf by filing an amended motion which included one of the Appellant's *pro se* claims and additional claims.

■ Although Appellant frames his motion as a claim of abandonment, Appellant's claim is actually one of ineffective assistance of post-conviction counsel, in that Appellant is essentially contending that post-conviction counsel's performance was deficient. However, abandonment does not encompass perceived ineffectiveness of post-conviction counsel. *Barnett v. State,* 103 S.W.3d 765, 774 (Mo. banc 2003).

Appellant has not alleged facts establishing that his post-conviction counsel abandoned him which would require the

reopening of his Rule 29.15 proceeding more than thirty days following the motion court's ruling. As such, the motion court lacked jurisdiction to hear Appellant's motion.

■ This court's jurisdiction is derived from that of the circuit court. *Johnson*, 244 S.W.3d at 229. Where the motion court lacked jurisdiction to hear Appellant's motion, we likewise lack jurisdiction to review Appellant's claims.

*Conclusion*

Appeal dismissed.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J., concur.