David GEHRKE, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 89527.

Supreme Court of Missouri,
En Banc.

March 31, 2009.

Ruth B. Sanders, Office of Public Defender, Kansas City, MO, for Appellant.

Chris Koster, Atty. Gen., Jayne T. Woods, Office of Missouri Atty. Gen., Jefferson City, MO, for Respondent.

PATRICIA BRECKENRIDGE, Judge.

The circuit court overruled David Gehrke's motion for postconviction relief under Rule 24.035 after an evidentiary hearing. The judgment was not appealed, allegedly because Mr. Gehrke's counsel did not file a notice of appeal properly. Nearly five years later, Mr. Gehrke moved to

reopen his postconviction proceedings, claiming his counsel's actions constituted abandonment. The motion court entered judgment overruling the motion. Mr. Gehrke appeals. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. This Court holds that counsel's actions did not constitute abandonment and affirms the motion court's judgment.

## Factual and Procedural Background

On February 20, 1999, David Gehrke timely filed a *pro se* Rule 24.035 motion to vacate his guilty pleas and convictions for the following felonies: (1) one count of sodomy; (2) two counts of class A felony furnishing pornographic materials to minors; (3) one count of class C first-degree deviate sexual assault; (4) three counts of felony first-degree statutory sodomy; (5) four counts of class C first-degree child molestation; and (6) one count of first-degree sodomy.[1] On September 7, 2001, the motion court entered its judgment, overruling Mr. Gehrke's motion for post-conviction relief.[2] Mr. Gehrke's counsel prepared a notice of appeal form, which the Jackson County circuit court file-stamped on September 14, 2001. The circuit court has no record of a notice of appeal being filed after the motion court overruled Mr. Gehrke's postconviction motion. No other steps were taken to perfect an appeal.

On August 10, 2006, Mr. Gehrke moved to reopen his postconviction proceeding. Mr. Gehrke's motion alleged he was abandoned by postconviction counsel when his counsel failed to file a notice of appeal properly after the motion court overruled Mr. Gehrke's Rule 24.035 motion. Mr. Gehrke alleged the notice of appeal form his counsel prepared was only partially completed and was not accompanied by either an *in forma pauperis* affidavit or a filing fee. The motion to reopen further alleged that Mr. Gehrke had asked his counsel to appeal the judgment and that his counsel told him an appeal had been filed. Attached to Mr. Gehrke's motion was the notice of appeal form that Mr. Gehrke's counsel had completed.

The motion court overruled Mr. Gehrke's motion to reopen his postconviction proceedings. Mr. Gehrke appeals.

## Standard of Review

 Review of a motion court's overruling of a motion to reopen postconviction proceedings is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *White v. State*, 265 S.W.3d 850, 852 (Mo.App. 2008). A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is

---

1. Mr. Gehrke also pleaded guilty to and was convicted of several misdemeanors: two counts of class A furnishing pornographic materials to minors and one count of class A second-degree child molestation. Because Rule 24.035(a) limits postconviction relief to felony pleas and convictions, however, Mr. Gehrke's misdemeanor convictions are not relevant to the matter before this Court.

2. The claims Mr. Gehrke raised in his postconviction motion were that he lacked an understanding of the consequences of his guilty plea and that his plea counsel was

ineffective because: (1) counsel told him that if he pled guilty, the sentence would not exceed 15 or 20 years; (2) counsel did not investigate potential defenses; (3) Mr. Gehrke was not given an opportunity to make a statement during sentencing; (4) the pre-sentence investigation report was not thorough; and (5) no complete psychiatric evaluation was completed. The motion court found, after the evidentiary hearing, that each of Mr. Gehrke's claims was refuted by the transcripts, records, and files in his criminal case as well as by testimony heard at the evidentiary hearing.

left with the definite and firm impression that a mistake has been made. *Id.*

### Abandonment

■■■ Generally, a movant is entitled to relief under Rule 24.035 or Rule 29.15 if the movant files a meritorious motion within the time limits set forth in those rules. *See McFadden v. State*, 256 S.W.3d 103, 106 (Mo. banc 2008). When a motion is filed outside the time limits, the motion court is compelled to dismiss it. *Id.* The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing. *See Bullard v. State*, 853 S.W.2d 921, 923 (Mo. banc 1993). In contrast, an amended motion is a final pleading, which requires legal expertise, *id.* at 922, and, due to that distinction, this Court has recognized a narrow exception to the time limits in the rules to give a motion court authority to "reopen an otherwise final post-conviction case when a post-conviction movant is abandoned by counsel." *McFadden*, 256 S.W.3d at 107.[3]

This Court initially found abandonment in two scenarios: "when (1) post-conviction counsel takes no action with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008) (quoting *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003)). If postconviction counsel is found to have abandoned a movant, "the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Id.* It is imperative for relief, however, that the movant in no way be responsible for the failure to comply with the requirements of either Rule 24.035 or Rule 29.15. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

Recently, this Court recognized an additional circumstance in which a movant may be abandoned. In *McFadden v. State*, this Court held that where postconviction counsel overtly acts in a way that prevents the movant's timely filing of a postconviction motion, a movant is entitled to relief. 256 S.W.3d at 109. In *McFadden*, a public defender initiated contact with Mr. McFadden, directed Mr. McFadden to send his postconviction relief motion to her and told Mr. McFadden that she would hand-file his motion with the court. *Id.* at 105. Counsel received Mr. McFadden's postconviction motion before the 90–day time limit had run, but she did not file the motion until after the time limit had passed. *Id.* This Court found that Mr. McFadden timely had prepared and mailed his postconviction motion two weeks before the 90–day time limit. *Id.* at 109. Instead of mailing his motion to the court, however, Mr. McFadden followed his counsel's express directions and mailed his motion to her—which she did not file timely. *Id.* This Court found that Mr. McFadden's postconviction counsel affirmatively undertook to represent Mr. McFadden and simply abandoned that representation. *Id.* Because Mr. McFadden "did all he could to express an intent to seek relief under Rule 29.15, took all steps to secure this review, and was 'free of responsibility for the failure to comply with the requirements of the rule,'" this Court found that such "active interfer-

---

3. "[A] motion court has authority to consider a motion to re-open Rule 29.15 proceedings when it is alleged that a movant has been abandoned by his counsel." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008).

ence" on the part of postconviction counsel constituted abandonment. *Id.*

The facts that Mr. Gehrke claims constitute abandonment, however, do not fall within the scenarios found in *McFadden*, *Luleff v. State*[4] or *Sanders v. State*.[5] Instead, Mr. Gehrke asks this Court to expand abandonment to include counsel's conduct in failing to file properly a notice of appeal of a judgment overruling a postconviction motion. This Court declines to do so.

▪ First, Mr. Gehrke, in his motion to reopen, does not allege that counsel completely failed to act. Instead, he alleges that counsel prepared a notice of appeal form and the form must have been presented to the circuit clerk's office because the circuit clerk file-stamped it. He further alleges that the notice of appeal form was not in proper form and that it was not accompanied by either an *in forma pauperis* affidavit or a filing fee. These allegations are that Mr. Gehrke's counsel attempted to perfect an appeal on Mr. Gehrke's behalf, but counsel's actions were not effective to do so. While Mr. Gehrke characterizes his counsel's failure to perfect an appeal as abandonment, it is characterized more properly as ineffective assistance of counsel. This Court "has repeatedly held it will not expand the scope of abandonment to encompass perceived ineffectiveness of post-conviction counsel." *Barnett v. State*, 103 S.W.3d 765, 774 (Mo. banc 2003). "[C]laims of ineffective assistance of postconviction counsel are categorically unreviewable." *Hutchison v. State*, 150 S.W.3d 292, 303 (Mo. banc 2004).

▪ Additionally, even assuming Mr. Gehrke's counsel's actions were a complete failure to act, this Court declines to expand the abandonment doctrine to include postconviction counsel's failure to properly file a notice of appeal after a motion court has overruled the movant's postconviction motion. When considering the scope of abandonment, this Court must balance the need to protect the rights of postconviction movants against the need for finality and a reasonable end to postconviction proceedings. In deciding that failure to file a notice of appeal is not abandonment, this Court recognizes that Rule 30.03 allows a movant to seek a special order permitting a late filing of the notice of appeal. While a notice of appeal normally must be filed within 10 days after a judgment becomes final, Rule 30.03 permits a movant, for good cause shown, to file a late notice of appeal within 12 months after judgment becomes final, if the movant receives leave of court to file out of time. One year is sufficient time for a movant to discover that postconviction counsel has not filed, or not filed properly, a notice of appeal within the required 10–day period and to correct counsel's failure to act. While this Court's ruling places a burden on a movant to ascertain whether a proper notice of appeal has been filed timely, it is not an unreasonable burden.

▪ A movant whose postconviction counsel fails to perfect an appeal also may have potential relief available under habeas corpus proceedings. State habeas corpus relief is available if a movant can show: "(1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural defect was caused by some-

---

4. In *Luleff*, 807 S.W.2d 495, 497–98 (Mo. banc 1991), this Court found that postconviction counsel's failure to take any action with respect to filing an amended postconviction motion constitutes abandonment.

5. In *Sanders*, 807 S.W.2d 493, 494–95 (Mo. banc 1991), this Court found that untimely action on the part of postconviction counsel regarding the filing of an amended postconviction motion constitutes abandonment.

thing external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage." *State v. Norsworthy*, 71 S.W.3d 610, 611–12 (Mo. banc 2002). The petitioner must show, at a minimum, that the grounds relied on in the habeas corpus petition were not known to him while proceedings under Rule 24.035 were available. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993). If a claim could have been raised in a Rule 24.035 or Rule 29.15 motion but was not raised, the movant waives that claim and cannot raise the claim in a subsequent petition for habeas corpus. *Brown v. State*, 66 S.W.3d 721, 726 (Mo. banc 2002). This Court stated in *State ex rel. Simmons v. White:*

> This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional protections pursuant to Rules 29.15 and 24.035. Neither these proceedings nor habeas corpus, however, was designed for duplicative and unending challenges to the finality of a judgment.

866 S.W.2d at 446. While postconviction counsel's failure to file a notice of appeal is not external to the defense, the other grounds for relief could be available to a movant who is actually innocent or was convicted when there was a jurisdictional defect.

 Additionally, the Court limits the scope of abandonment to preserve po-tential relief under federal habeas corpus proceedings. Federal habeas corpus proceedings require a movant to exhaust all available state remedies, including appeal and postconviction remedies, before bringing a federal claim. *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). State court remedies are exhausted "when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92–93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). If the scope of abandonment were expanded further, it is foreseeable that federal habeas corpus claims could be denied due to a movant's failure to bring a motion to reopen postconviction proceedings. This would frustrate the legitimate goals of a prompt comprehensive review and finality.

### Conclusion

Mr. Gehrke's allegations that his postconviction counsel did not file a proper notice of appeal state a claim of ineffective assistance of postconviction counsel, which is not cognizable. Additionally, with the remedies already available, it is unnecessary to expand the abandonment doctrine to include postconviction counsel's failure to file timely a notice of appeal after a motion court overrules a movant's postconviction motion. Accordingly, the actions of Mr. Gehrke's postconviction counsel did not constitute abandonment.[6] The motion court did not err in overruling Mr. Gehrke's motion to reopen his postconviction proceedings. The judgment is affirmed.

---

**6.** On appeal, Mr. Gehrke does not explain his five-year delay in filing a motion to reopen the post-conviction proceedings. When questioned during oral argument about the five-year delay, his counsel indicated that justification for the delay would be apparent if an evidentiary hearing were permitted. Since the Court decides that expansion of the scope of abandonment is not warranted, the length of Mr. Gehrke's delay in filing his motion to reopen is not considered.

PRICE and RUSSELL, JJ., concur; FISHER, J., concurs in separate opinion filed; PRICE and RUSSELL, JJ., concur in opinion of FISCHER, J.

LAURA DENVIR STITH, C.J., dissents in separate opinion filed; WOLFF, J., concurs in opinion of LAURA DENVIR STITH, C.J.; TEITELMAN, J., dissents in separate opinion filed; LAURA DENVIR STITH, C.J., and WOLFF, J., concur in opinion of TEITELMAN, J.

## CONCURRING OPINION

### ZEL M. FISCHER, Judge.

I concur in the principal opinion and write this separate concurring opinion.

The doctrine of abandonment is a limited concept that does not modify the requirements set out in Rules 24.035 or 29.15.[1] *McFadden v. State*, 256 S.W.3d 103, 108 (Mo. banc 2008). For abandonment to remain a valid concept, it must be limited only to the requirements set forth in the postconviction rules. *Kennedy v. State*, 210 S.W.3d 417, 420 (Mo.App.2006) (the purpose of the abandonment doctrine is to ensure that postconviction counsel complies with the duties imposed by the postconviction rules). *See also Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991) (counsel's obligations include reviewing the file and determining whether an amended motion is warranted, and if so, filing that motion in a timely fashion). Nowhere in Rule 24.035 or Rule 29.15 is there a duty to timely file a notice of appeal when the postconviction motion is overruled by the motion court. *See* 24.035(k) and 29.15(k).

As the principal opinion points out, Gehrke's argument in this case is essentially a "back door" attempt at expanding the abandonment doctrine to include ineffective assistance of postconviction counsel. This Court has stated that there is no constitutional right to effective assistance of postconviction counsel. *Hutchison v. State*, 150 S.W.3d 292, 303 (Mo. banc 2004) ("claims of ineffective assistance of postconviction counsel are categorically unreviewable").[2]

Because there is no duty imposed on postconviction counsel to timely file a notice of appeal after the overruling of a postconviction motion, the motion court correctly overruled Gehrke's motion to reopen the case without an evidentiary hearing. *Luleff*, 807 S.W.2d at 497 (in creating the abandonment doctrine, this Court stated, "The question then becomes one of determining whether appointed counsel complied with the provisions of Rule 29.15(e)"). To be clear, abandonment is established only where postconviction counsel fails to comply with the duties explicitly imposed by Rule 24.035 or Rule 29.15.

## DISSENTING OPINION

### LAURA DENVIR STITH, Chief Justice.

I concur in the dissenting opinion of Judge Teitelman. I write separately to emphasize two points.

First, I do not agree that this is simply a case of ineffective assistance of defense counsel. Taking the allegations by Mr. Gehrke as true, as we must in the absence

---

1. These postconviction rules replaced Rule 27.26 and serve the legitimate policy of a single comprehensive review and finality. Therefore, Rules 24.035 and 29.15 specifically prohibit the filing of successive motions.

2. It follows there is no constitutional right to appellate counsel to appeal the overruling of a motion for postconviction relief, and Rules 24.035 and 29.15, unlike the predecessor 27.26, do not mandate the appointment of appellate counsel for postconviction proceedings.

of an evidentiary hearing, counsel purposely misled Mr. Gehrke into believing that a notice of appeal had been filed by sending him a copy of a notice of appeal that had been file-stamped but of which there is no copy in the court records. If, after an evidentiary hearing, the motion court found that no notice of appeal in fact had been filed, it would be no different than had counsel told his client that he had filed an amended motion, and sent one with a file-stamp on it, but in fact the amended motion had not been accepted for filing. That certainly would constitute abandonment rather than ineffective assistance, for an amended motion would not be before the court; the same applies to the failure actually to file an appeal. It is always part of trial counsel's duty to file the notice of appeal or to inform the client if that duty is not being fulfilled. This is an implicit part of his or her obligation to the client.[1] Such a failure constitutes abandonment.

Second, the harshness of the result reached by the principal opinion is, as it

notes, ameliorated to some degree by the fact that Mr. Gehrke could have filed a motion for permission to file a late notice of appeal during a 12–month period after the deadline for filing a notice of appeal had passed. **Rule 30.03.** If the record showed that Mr. Gehrke knew within the 12–month window that no notice had been filed, but failed to file a motion for permission to file a late notice of appeal, then I would agree that he had waived his right to appeal.

I disagree, however, that it is always the case that 12 months "is sufficient time for a movant to discover that postconviction counsel has not filed, or not filed properly, a notice of appeal" as stated by the principal opinion. Rather, it is a question of fact as to what the particular movant should or should not have known within the 12–month window provided for in this Court's rules. Here, Mr. Gehrke alleges that he believed a notice of appeal had been filed timely.[2] I would remand for an evidentiary hearing at which the motion court can

---

1. The comment to Missouri's rule governing diligence of counsel states:

> ■ Unless the relationship is terminated as provided in Rule 4–1.16, a lawyer should carry through to conclusion all matters undertaken for a client. If a lawyer's employment is limited to a specific matter, the relationship terminates when the matter has been resolved.... Doubt about whether a client-lawyer relationship still exists should be clarified by the lawyer, preferably in writing, so that the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so. *For example, if a lawyer has handled a judicial or administrative proceeding that produced a result adverse to the client, the lawyer should advise the client about the possibility of appeal before relinquishing responsibility for the matter.* See Rule 4–1.4(b). Whether the lawyer is obligated to prosecute the appeal for the client depends on the scope of the representation the lawyer has agreed to provide to the client. See Rule 4–1.2.

Rule 4–1.3, Comment (4) (emphasis added).

2. Mr. Gehrke's motion to reopen his postconviction proceeding alleges in relevant part as to his counsel, Mr. Jaco:

> 4. On September 14, 2001, the Jackson County Circuit Court filestamped a notice of appeal in what appears to have been an effort on Mr. Jaco's part to perfect an appeal on Movant's behalf. See Attachment. The notice of appeal was not in proper form, and it was unaccompanied by either an in forma pauperis affidavit or a filing fee. The Jackson County Circuit Court does not have a record of a notice of appeal being filed in this case.
>
> 5. Movant avers that he asked Mr. Jaco to appeal the motion court's denial of his Rule 29.15 motion to the Missouri Court of Appeals, and that Mr. Jaco agreed to do so. He avers that Mr. Jaco represented to him that an appeal had in fact been filed.

An evidentiary hearing should be held on these allegations.

assess the credibility of that claim, and whether Mr. Gehrke knew or should have known during the 12–month window that no notice of appeal in fact was pending.

For these reasons, as well as the other reasons stated by Judge Teitelman, I dissent.

## Dissenting Opinion

### RICHARD B. TEITELMAN, Judge.

I respectfully dissent. In *Luleff, Sanders* and *McFadden* this Court held that a postconviction movant stated a claim of abandonment by alleging that counsel failed to timely file an amended motion. The principle underlying each of these cases is that counsel's act or omission deprived the movant of judicial review as provided in the postconviction rules. That principle is no less applicable because Mr. Gehrke's claim arises in the context of the failure to file an appeal instead of the failure to file an amended motion. In both situations, the result is that the movant is deprived of a right to judicial review that is available under either Rule 24.035 or Rule 29.15.

The principal opinion characterizes Mr. Gehrke's claim as an attempt to expand the concept of abandonment to include the failure to file a valid notice of appeal. Permitting Mr. Gehrke to have a hearing on his claim does not require an expansion of the abandonment doctrine. To the contrary, it simply requires the application of the principles underlying the abandonment doctrine to a new set of facts. As discussed above, abandonment is based on the principle that counsel's act or omission deprived the movant of authorized review of ineffective assistance claims. Rules 24.035(k) and 29.15(k) provide the movant with a right to appeal the denial of postconviction relief. Where, as in this case, counsel fails to timely file a valid notice of appeal, counsel has abandoned the movant in the same way that the movants in *Luleff, Sanders* and *McFadden* were abandoned when counsel in those cases failed to file a postconviction motion. In either situation, counsel's failure to file the necessary pleadings results in the deprivation of the movant's right to judicial review as provided in the postconviction rules. Consequently, I would reverse the judgment and hold that Mr. Gehrke is entitled to an evidentiary hearing on his claim of abandonment.