Michael G. BELFIELD, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93559.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2010.

Michael G. Belfield, Licking, MO, pro se.

Chris Koster, Attorney General, Jamie Pamela Rasmussen, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Michael Belfield (Movant) appeals from the motion court's denial of his Rule 29.15[1] motion for post-conviction relief. Finding no clear error in the motion court's ruling, we affirm.

## Background

On November 26, 2003, the State indicted Movant for murder and armed criminal action. On May 17, 2006, Movant was convicted by a jury of first degree murder, in violation of Section 565.020 RSMo 2000,[2] and armed criminal action, in violation of Section 571.015.1, in the Circuit Court of Franklin County. On July 17, 2006, Movant was sentenced to concurrent terms of life without parole for the murder offense and three years of imprisonment for the armed criminal conviction.

On July 17, 2006, Movant also timely filed a notice of appeal. On August 7, 2007, this Court affirmed Movant's conviction and sentence in *State v. Belfield*, 230 S.W.3d 635 (Mo.App. E.D.2007). On September 5, 2007, this Court issued a mandate affirming the judgment and sentence. Movant asserts that his post-conviction counsel filed a post-conviction relief motion on his behalf on December 3, 2007. However, movant presents no evidence, including docket sheets, court records, or mailing evidence, that a December 3, 2007 post-conviction motion was actually filed.

On January 8, 2008, Movant filed a *pro se* Rule 29.15 motion for post-conviction relief. On February 1, 2008, the Franklin County Circuit Court denied Movant's *pro se* motion because it was not timely filed pursuant to the applicable time limitation set forth in Rule 29.15.

## Points on Appeal

In his first point on appeal, Movant argues that he filed a timely but unverified motion for post-conviction relief, but that he was not notified as to defects in his

---

1. Unless otherwise noted, all further rule references are to Mo. R.Crim. Pro.2009.

2. Unless otherwise noted, all further statutory references are to RSMo 2000.

motion. In his second point on appeal, Movant argues that the motion court did not allow him to correct a defect in the signature block of his motion. These two points will be addressed jointly.

## Standard of Review

■ Review of a motion court's denial of a "motion to reopen postconviction proceedings is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. en banc 2009). Clear error occurs where a review of the entire record leaves the reviewing court with the definite and firm impression that a mistake has been made. *Id.* at 56–57.

## Discussion

■ A motion for post-conviction relief relating to the appeal of a criminal judgment or sentence must be filed "within 90 days after the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b). "Generally, a movant is entitled to relief under Rule 24.035 or Rule 29.15 if the movant files a meritorious motion within the time limits set forth in those rules." *Gehrke*, 280 S.W.3d at 57. Failure to file a motion within the time provided by Rule 29.15 constitutes a complete waiver of any right to proceed and a complete waiver of any claim that could be raised in a motion filed pursuant to Rule 29.15. Rule 29.15(b). When a 29.15 motion is filed outside the time limits, the motion court is compelled to dismiss it. *Gehrke*, 280 S.W.3d at 57. A court may not consider a Rule 29.15

motion filed more than 90 days after the issuance of the mandate by the appellate court because to do so conflicts with the express limits provided for the remedy of post-conviction relief under Rule 29.15.[3]

■ The mandate in Movant's direct appeal was issued September 5, 2007. Thus, Movant's post-conviction relief motion had to be filed no later than December 4, 2007. In both of his points on appeal, Movant alleges that he timely filed a motion for postconviction relief on December 3, 2007. However, we have meticulously reviewed the record and find no evidence of any filing or attempt to file a motion for post conviction relief on December 3, 2007. Movant's allegations simply are not supported by the record before us. *See Shields v. State*, 87 S.W.3d 355, 357 (Mo. App. E.D.2002) (finding that a movant's claim that he had witnesses who could testify to the timeliness of his post-conviction relief motion failed because the movant did not procure affidavits from alleged witnesses which would constitute evidence).

Our review on appeal is restricted by the evidence contained in the record. The record contains no evidence of a December 3, 2007 filing of a motion for post-conviction relief, verified or unverified. Nor does the record reveal any notation of the filing or attempted filing of any motion for post-conviction relief in any docket sheet, court file, or proof of mailing. Movant presents no evidence of any filing on December 3, 2007, but offers only his self serving allegations that an attempt was made to file an unverified motion.[4] The

---

3. Prior to *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo.2009), the limitation on a court's legal ability to act as conferred by statute or rule was often referred to as a lack of jurisdiction.

4. Movant argues in his brief that he timely filed a Rule 29.15 motion on December 3, 2007, but that the filing was refused because there was a defect in the signature block. We acknowledge that the signature requirement for Rule 29.15 motion does not necessarily preclude the filing of said motion, and that

only motion for post-conviction relief contained in the record is dated January 8, 2008, which falls well after the December 4, 2007 deadline. Accordingly, the motion court did not err in denying Movant's motion for post conviction relief.

### Conclusion

Finding no error, we affirm the motion court's denial of post-conviction relief.

GEORGE W. DRAPER III, J., and GARY M. GAERTNER, JR., J., concur.

Rule 55.03(a) permits prompt correction of a signature omission in a Rule 29.15 motion even after the time to file the amended motion has expired. *Glover v. State,* 225 S.W.3d 425, 428 (Mo. en banc 2007). However, the record is totally bereft of any evidence supporting Movant's allegations.