**Ricky R. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31120.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 17, 2012.

William J. Swift, Asst. Public Defender, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Jessica P. Meredith, Asst. Atty. Gen., for Respondent.

ROBERT S. BARNEY, Judge.

Appellant Ricky R. Smith ("Movant") appeals from the denial of his *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" filed pursuant to Rule 24.035.[1] In his sole point relied on, Movant asserts the motion court clearly erred in dismissing his motion as untimely filed in that "the absolute deadline" of Rule 24.035 is "arbitrary" and denied him his right to due process. We affirm the motion court's dismissal of Movant's Rule 24.035 motion.

The record reveals Movant was charged via "INFORMATION" on August 2, 1982, with "the class B felony of sodomy," a

violation of section 566.060, RSMo 1978. He entered a guilty plea to this charge on August 2, 1982, and the plea court found his plea was entered "freely, voluntarily, and intelligently."[2] Movant was sentenced by the plea court to fifteen years imprisonment with the execution of that sentence suspended and Movant was placed on supervised probation for a period of five years. The following year Movant violated the terms of his probation, his probation was thereafter revoked, and the plea court executed his 15 year sentence on September 6, 1983.

■ On October 6, 2010, some twenty-seven years after his sentence was executed, Movant filed a *pro se* motion for post-conviction relief. He was appointed counsel to represent him and his counsel was granted an extension of time in which to file an amended Rule 24.035 motion. In the interim, the State filed a motion to dismiss Movant's request for postconviction relief on the basis that Rule 24.035(b) required such a motion to be "filed within 180 days of the delivery of [Movant] to the department of corrections ... and ... if not timely filed, the right to proceed under the rule is completely waived." As such, given that this motion was filed a quarter of a century after Movant's incarceration, the State argued the motion court had no authority to consider such a motion and it should have been dismissed. A hearing was held on the State's motion on July 6, 2010.[3] The motion court noted in its docket entry that "[t]he relief requested by [Movant] in this matter is relief that this court has no jurisdiction to entertain. Accordingly, same is denied."[4] This appeal by Movant followed.

---

1. Unless otherwise stated, all rule references are to Missouri Court Rules (2010).

2. No transcript of the guilty plea hearing was provided to this Court.

3. A transcript of this hearing was not provided to this Court.

4. While the motion court used the word "jurisdiction" in its docket entry, the motion court actually lacked authority to address the

As summarized above, in his sole point relied on Movant argues the motion court erred in dismissing his "Rule 24.035 motion as untimely filed because the Rule's absolute filing deadline denied [Movant] his right to due process...." Movant urges that

> the absolute deadline arbitrarily denied him the right to bring his action by having no 'for good cause shown' provision that allows for filing after the expiration of Rule 24.035's time deadline so as to allow him to assert his claim that counsel failed to advise him that his state guilty plea and resulting felony conviction could have the collateral consequence of enhancing his punishment on federal charges.

"Appellate review of the denial of a Rule 24.035 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Boyd v. State,* 205 S.W.3d 334, 338 (Mo.App. 2006); *see* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the 'definite and firm impression that a mistake has been made.'" *Morehead v. State,* 145 S.W.3d 922, 927 (Mo. App.2004) (quoting *Rice v. State,* 988 S.W.2d 556, 558 (Mo.App.1999)). We presume the motion court's findings and conclusions are correct. *Butts v. State,* 85 S.W.3d 132, 134 (Mo.App.2002). "Movant bears the burden of proving, by a preponderance of the evidence, that the motion court erred." *Huth v. State,* 976 S.W.2d 514, 516 (Mo.App.1998).

▮ Rule 24.035 has undergone several changes in the nearly three decades since Movant was sentenced. The current

version provides at Rule 24.035(m) that the rule

> shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1996. If sentence is pronounced prior to January 1, 1996, [postconviction] relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier.

Here, Movant's sentence was pronounced in 1982 and he was ultimately delivered to the Department of Corrections in 1983. As such, under Rule 24.035(m), his proceedings would be "governed by the provisions of Rule 24.035 in effect on the date the motion was filed," which was October 6, 2010, *or* the rule in effect on "December 31, 1995, whichever is earlier...." Accordingly, Movant's proceedings are governed by the version of Rule 24.035 in effect on December 31, 1995. At that time Rule 24.035(l), Missouri Court Rules 1995, provided:

> [i]f sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 24.035 may be filed on or before June 30, 1988. *Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 24.035.*

(emphasis added). Here, Movant failed to file his postconviction relief motion before June 30, 1988, and thereby waived any complaint he had about his guilty plea proceedings. This is true particularly given the fact that the courts of this state have repeatedly upheld the validity and fairness of the time limits for filing postconviction relief motions, even in cases involving the death penalty. *See State v. Carter,* 955 S.W.2d 548, 562 (Mo. banc

merits of the motion. *Dorris v. State,* SC 91652, SC 91713, SC 91767, 2012 WL 135392 at *2–3 (Mo. Jan.17, 2012). The motion court

clearly had subject matter jurisdiction in the present matter. *Id.*

1997). "The time limitation in this rule is valid, mandatory, reasonable, and serves the legitimate ends of avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims." *State v. Ridings,* 886 S.W.2d 190, 190 (Mo. App.1994); *see Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). "The time limitation in Rule 24.035(b) does not violate Movant's right to due process." *Ridings,* 886 S.W.2d at 190. "When a motion under Rule 24.035, 'is filed outside the time limits, the motion court is compelled to dismiss it.'" *Mackley v. State,* 331 S.W.3d 733, 735 (Mo.App.2011) (quoting *Gehrke v.*

*State,* 280 S.W.3d 54, 57 (Mo. banc 2009)).[5] Movant's rights were not violated in the present matter and the motion court's decision to dismiss his Rule 24.035 motion was not clearly erroneous. Point denied.

The order of the motion court is affirmed.

BATES, J., and FRANCIS, P.J., concur.

---

**5.** While it has been held that a motion court has the authority to reopen an otherwise final conviction when a postconviction movant is abandoned by counsel, *Gehrke,* 280 S.W.3d at 57, we do not discern that Movant herein is claiming "abandonment" by his postconviction counsel.