Dona SHIFFLETTE, Appellant,

v.

MISSOURI DEPARTMENT OF NATURAL RESOURCES, Respondent.

No. WD 71716.

Missouri Court of Appeals, Western District.

April 27, 2010.

Randy C. Alberhasky, for Appellant.

Emily A. Dodge, for Respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Dona Shifflette appeals the summary judgment entered in favor of the Missouri Department of Natural Resources (DNR) in her personal injury action. She contends that genuine issues of material fact existed regarding the dangerous condition exception to sovereign immunity. The judgment of the trial court is affirmed.

Ms. Shifflette sued the DNR alleging that she injured her left shoulder when she tripped and fell while exiting a building owned by the DNR. The DNR filed a motion for summary judgment invoking sovereign immunity. Ms. Shifflette responded that sovereign immunity was waived under section 537.600.1(2),[1] the dangerous condition of public property exception. The following facts were uncontroverted.

On May 14, 2006, Ms. Shifflette worked at the restaurant in the dining lodge at Bennett Springs State Park. The building in which the restaurant was located was owned by the DNR. When Ms. Shifflette

---

1. All statutory references are to RSMo Cum. Supp.2009 unless otherwise indicated.

worked at the restaurant, she parked behind the building and usually entered the building through the back door. The back door was open that day. Inside the back door of the building was a hallway with a cement floor. Outside the back door were two steps down to a sidewalk that sloped downward. The steps and sidewalk did not have a handrail. There was a half inch difference in height between the left side of the step and the right side of the step. There was a boulder and an air conditioning unit in the dirt and gravel next to the sidewalk outside the back door.

As Ms. Shifflette was walking in the hallway toward the back door at the end of her workday, she tripped and began to fall. She did not know why she tripped in the hallway or what she tripped on. She admitted that the hallway floor was not in disrepair and that it was not slippery. She did not notice anything that day about the condition of the hallway or floor that she thought caused her to fall. As she began falling, she remembered thinking that she did not want to land on the sidewalk "because I realized the fall was going through [outside the building], and my theory was I could catch myself on the boulder." She tried to fall more in the direction of the boulder than the sidewalk because the back door was open and "[b]ecause I knew there was no stopping me, there was nothing to hold on to, I was going." She did not land on the sidewalk but generally between the boulder and the air conditioner.

The trial court ruled that Ms. Shifflette failed to establish the second element for waiver of sovereign immunity because her injury did not result from a dangerous condition of public property. This appeal by Ms. Shifflette followed.

In her sole point on appeal, Ms. Shifflette contends that the trial court erred in entering summary judgment in favor of the DNR on the ground that her claim was barred by sovereign immunity. She contends that genuine issues of material fact existed regarding the dangerous condition exception.

■ Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

■ A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381. Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions

on file to demonstrate the existence of a genuine issue for trial. *Id.*

■ Sovereign immunity shields public entities from suit. § 537.600.1; *State ex rel. Mo. Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998). It is waived, however, for cases involving injuries caused by a dangerous condition of public property. § 537.600.1(2); *Dierker*, 961 S.W.2d at 60. Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case. *Townsend v. E. Chem. Waste Sys.*, 234 S.W.3d 452, 470 (Mo.App. W.D. 2007). To state a claim under the dangerous condition exception, the plaintiff must allege facts that show: (1) a dangerous condition of public property; (2) the injury directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred; and (4) the public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the condition. § 537.600.1(2); *Dierker*, 961 S.W.2d at 60; *Thomas v. Clay County Election Bd.*, 261 S.W.3d 574, 577–78 (Mo.App. W.D.2008). "The sovereign immunity statute must be strictly construed." *Dierker*, 961 S.W.2d at 61.

■ In granting summary judgment in favor of the DNR, the trial court found that Ms. Shifflette could not establish the second element of the dangerous condition exception, namely that her injury directly resulted from the dangerous condition. The phrase "directly resulted from" in the second requirement of section 537.600.1(2) is synonymous with "proximate cause." *Id.* at 60. "The general test for proximate cause is whether the injury is the natural and probable consequence of the defendant's negligence." *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. banc 1999). Each case must be decided on its own facts. *Id.* "Proximate cause cannot be based on pure speculation and conjecture." *Id.*

■ In her response to the DNR's motion for summary judgment and statement of uncontroverted facts, Ms. Shifflette did not dispute that she tripped in the hallway, that she did not know why she tripped or what she tripped on, and that the hallway was not physically defective or dangerous at the time of her fall. She contended, however, that the lack of a handrail on the doorway step caused her to fall after she tripped because she was unable to catch herself and prevent herself from falling. She further contends in her brief on appeal that the uneven step and sloping sidewalk also contributed to her loss of balance and inability to catch herself. But Ms. Shifflette's injury did not directly result from the step or sidewalk. The undisputed facts revealed that she did not trip or fall on the steps or the sidewalk. Furthermore, speculation and conjecture would have been required to find that she would have been able to catch herself after falling through the hall and doorway, and before landing on the ground between the boulder and air conditioner, if a handrail had been installed on the steps. The record is devoid of a factual basis to support a finding that Ms. Shifflette's injury was the natural and probable consequence of lack of a handrail on the doorway steps. *See Payne v. City of St. Joseph*, 135 S.W.3d 444, 451 (Mo.App. W.D.2004)(where no evidence was presented from which it could be inferred that the failure of the city to barricade a landfill transfer station caused plaintiff to fall out his employer's truck and into the dumpsters below, plaintiff failed to make submissible case on issue of causation); *Necker ex rel. Necker v. City of Bridgeton*, 938 S.W.2d 651, 655 (Mo. App. E.D.1997)(allegations that city failed

to make an otherwise non-defective balance beam safe by warnings or signs, barricades, mats, or supervision did not state a claim under dangerous condition exception because intangible acts such as inadequate supervision, lack of warnings or signs, and lack of barricades do not create a dangerous condition). Thus, the trial court correctly entered summary judgment in favor of the DNR. The point is denied.

The judgment is affirmed.

All concur.