Fred **EPPENBERGER,** Maxine Smith and William Bain, individually and on behalf of others similarly situated, Plaintiffs/Appellants,

v.

**METROPOLITAN ST. LOUIS SEWER DISTRICT,** Defendant/Respondent.

No. ED 95446.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 19, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2011.

Application for Transfer
Denied Aug. 30, 2011.

John Campbell, Erich V. Vieth, David R. Dubin, St. Louis, MO, For Plaintiffs/Appellants.

Mary C. Bonacorsi, Pamela J. Meanes, St. Louis, MO, For Defendant/Respondent.

GEORGE W. DRAPER III, Judge.

Fred Eppenberger, Maxine Smith, and William Bain (hereinafter and collectively, "Homeowner") brought suit against Metropolitan Saint Louis Sewer District (hereinafter, "MSD") for a known dangerous condition of the River des Peres and inverse condemnation in connection with the flooding of their homes. MSD filed a motion for summary judgment which was granted by the trial court. Homeowner brings this appeal. We reverse and remand.

This Court notes the proceedings below and the legal file are rife with inconsistencies. Each party proceeded under its own theory of the case based upon their interpretation of an "agreement between the parties." Accordingly, MSD submitted this case using the standard for a motion for summary judgment while Homeowner proceeded using the standard for a motion to dismiss. Unfortunately, on the record presented to this Court, the trial court provided scarce guidance to the parties to indicate whether this was a motion for summary judgment or a motion to dismiss. Since all of the pleadings are titled "summary judgment," we proceed under that standard of review.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the party against whom summary judgment was entered all reasonable inferences which may be drawn from the record. *Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 38 (Mo.App. E.D.2007). "We accept as true facts contained in affidavits or otherwise in support of a party's motion unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* Summary judgment is intended to move the parties beyond the

petition's allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993).

The right to summary judgment may be established by a defending party by demonstrating "facts that negate *any one* of the claimant's elements...." *Fetick v. American Cyanamid Co.*, 38 S.W.3d 415, 418 (Mo. banc 2001) (*quoting ITT Commercial Finance*, 854 S.W.2d at 381) (emphasis in original). "If the moving party makes a prima facie showing they are entitled to judgment as a matter of law, the non-moving party then has a specific burden: 'an adverse party may not rest upon the mere allegations or denials of his [or her] pleading, but his [or her] response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial.'" *Larabee v. Eichler*, 271 S.W.3d 542, 546 (Mo. banc 2008) (*quoting Fetick*, 38 S.W.3d at 418). Appellate review of the grant of summary judgment is purely a question of law, and hence, employs the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Homeowner raises four points on appeal. Since his second point on appeal is dispositive, it is the only one this Court will address. Homeowner alleges that the trial court erred in granting summary judgment in favor of MSD because MSD failed to meet the requisite requirements of Rule 74.04. The trial court granted summary judgment in favor of MSD because MSD demonstrated that as a matter of law, Homeowner would be unable to prove a waiver of sovereign immunity.

It is uncontested that MSD is entitled to protection under the doctrine of sovereign immunity. Missouri has a modi-

fied form of sovereign immunity. Section 537.600 RSMo (2000).[1] Section 537.600.1(2) waives sovereign immunity for cases involving injuries caused by a dangerous condition of public property. Injuries resulting from the dangerous condition of public property are:

[i]njuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Section 537.600.1(2). "The sovereign immunity statute must be strictly construed." *Shifflette v. Mo. Dept. of Nat. Resources*, 308 S.W.3d 331, 334 (Mo.App. W.D.2010) (*quoting State ex rel. Mo. Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998)). "Failure to perform an intangible act, whether it be failure to supervise or warn cannot constitute a dangerous 'condition' of the 'property' for purposes of waiving sovereign immunity." *State ex rel. Div. of Motor Carrier and R.R. Safety v. Russell*, 91 S.W.3d 612, 616 (Mo. banc 2002). "Likewise, a lack of warnings, barriers, or similar preventative measures do not constitute a dangerous condition under the statute." *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487, 493 (Mo.App. E.D.2009).

■ A plaintiff must prove four elements when seeking a waiver of sovereign immunity. *Thomas v. Clay County Election Board*, 261 S.W.3d 574, 577 (Mo.App. W.D.2008). To waive sovereign immunity, a plaintiff must demonstrate:

(1) that the property was in dangerous condition at the time of the injury;

(2) that the injury directly resulted from the dangerous condition-that is, that the dangerous condition was the proximate cause of the injury;

(3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury that was incurred; and

(4) that a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

*Id.* at 577–78. (internal citation omitted).

■ Based upon a prior agreement by both of the parties, the only issue presented to the trial court was whether Homeowner could demonstrate there was a dangerous condition based upon the sufficiency of his pleadings. Homeowner and MSD submitted this limited issue to the trial court, agreeing that if this element failed, the other elements would be considered moot. MSD filed its motion for summary judgment, alleging that Homeowner as a matter of law would be unable to prove a waiver of sovereign immunity for a dangerous condition because Homeowner failed to allege any tangible act by MSD.

Homeowner's petition averred that MSD "extensively redesigned, reconstructed and rechanneled the River des Peres," "the River des Peres has been completely rebuilt," and "a significant portion of the

---

1. All further statutory references herein are to RSMo (2000).

channel has been altered."[2] Homeowner alleged more than mere intangible acts or preventative measures in an attempt to waive MSD's sovereign immunity. Additionally, in MSD's statement of uncontroverted facts, MSD stated that it has "enlarged and reshaped by the installation of channel linings such as concrete, hand laid rock, and gabion" along portions of the River des Peres.

In this case, we find the trial court erred in granting summary judgment in favor of MSD because MSD failed to demonstrate "facts that negate *any one* of the claimant's elements...." *Fetick*, 38 S.W.3d at 418. With respect to the single issue submitted to the trial court, MSD has not demonstrated as a matter of law that Homeowner would be unable to prove a tangible act by MSD which would waive its sovereign immunity. As part of its uncontroverted statement of material facts, MSD indicated that it reshaped portions of the River des Peres. Hence, the trial court erred in granting summary judgment. Point granted.

The judgment granting summary judgment in favor of MSD is reversed.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J., concur.

---

2. These allegations were contained in his first amended petition, paragraphs 24, 25, and 26, which are common averments to both counts of the petition.