DANIEL E. SCOTT, Judge.
We consider a narrow question. Did respondent District waive its sovereign immunity by submitting to the trial court’s jurisdiction and litigating for 22 months before seeking summary judgment? [1] The trial court found no such waiver. We agree and affirm the summary judgment entered in favor of District based on sovereign immunity.
Background
St. John’s settled a wrongful death case, then sued District for contribution, alleging in part that “District had liability insurance in place that provides coverage for the loss complained of herein, and thus, the District has waived any sovereign immunity defense under § 587.610, RSMo.”[2]
District moved, without success, to dismiss on grounds unrelated to sovereign immunity. In answering the petition, District admitted that it carried liability insurance but denied the other allegations quoted above.
District sought summary judgment 22 months into the case, claiming that its liability policy worked no waiver of sovereign immunity. The trial court agreed. St. John’s does not challenge this finding on appeal.[3]
Yet St. John’s still urges, as it did below, that District waived its sovereign immunity by voluntarily appearing, submitting to trial court jurisdiction, failing “to raise the defense of sovereign immunity or lack of personal jurisdiction” under Rule 55.27, and participating in litigation activities. Like the trial court, we find no merit in these assertions.
*471 Legal Principles
Our review of a grant of summary judgment is essentially de novo. Maune, 203 S.W.3d at 804. “One way that a defendant can prove a right to summary judgment is by showing that, after an adequate period of discovery, the plaintiff is and will remain unable to produce evidence sufficient to establish any one of the plaintiffs required elements.” Id. (citing ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 381 (Mo. banc 1993)).
Sovereign Immunity Not “Jurisdictional”
St. John’s argues that sovereign immunity is a matter of personal jurisdiction. Objections to the latter are waived unless raised under Rule 55.27 or by responsive pleading. In re Marriage of Berry, 155 S.W.3d 838, 841 (Mo.App.2005). Because District never objected to personal jurisdiction, but appeared generally and defended the ease for months, St. John’s contends that District waived its sovereign immunity. Modern precedent is to the contrary.
“Prior to J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo.2009), the limitation on a court’s legal ability to act as conferred by statute or rule was often referred to as a lack of jurisdiction.” Belfield v. State, 307 S.W.3d 680, 682 n. 3 (Mo.App.2010). This observation fits decades-old cases cited by St. John’s,[4] but we are now guided and bound by new post-J.C.W. jurisprudence.
Our supreme court’s stated task in J.C.W. was “to bring down to earth and clarify the meaning of the magical word ‘jurisdiction.’” 275 S.W.3d at 251. “The problem with a word with such magic is, sadly, that it will be over used, as it is in cases such as the present case.” Id. at 252. Personal jurisdiction, in modern terms, refers simply to a court’s power “to require a person to respond to a legal proceeding that may affect the person’s rights or interests.” Id. at 252-53. A circuit court able to render a judgment that binds the parties “has personal jurisdiction.” Id. at 254.
St. John’s theory of personal jurisdiction thus runs afoul of J.C.W.—our supreme court’s latest controlling precedent—and its progeny. Simply put, St. John’s errs in portraying sovereign immunity as jurisdictional.
Sovereign Immunity Not a “Defense” Subject to Rule 55.27 Waiver
“Sovereign immunity is not an affirmative defense but is part of the plaintiffs prima facie case.” Shifflette v. Missouri Dept. of Nat. Resources, 308 S.W.3d 331, 334 (Mo.App.2010). This is well settled. Maune, 203 S.W.3d at 804.[5] St. John’s burden as plaintiff was “to establish a sovereign immunity waiver as part and parcel of any pleaded theory against [District].” Id. The trial court properly entered summary judgment because St. John’s could not prove this element of its prima facie case.
*472 Sovereign Immunity Not Waived by Discovery or Case Participation
Finally, we reject St. John’s claim that District waived sovereign immunity by engaging in discovery and other litigation activity. To quote the trial court:
The Supreme Court of Missouri has unambiguously stated that “a ‘defending party* may establish a right to judgment by showing ... that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant’s elements....” ITT Comm. Fin. Corp., 854 S.W.2d at 381 (emphasis added in part, original in part). The Court will not hold [Districtj’s participation in this case against it.
St. John’s cites no cases that would compel a different result.[6]
Conclusion
St. John’s sole point fails. Summary judgment was proper because St. John’s did not show that it could offer proof that District waived its sovereign immunity, a required element of St. John’s prima facie case. Judgment affirmed.
NANCY STEFFEN RAHMEYER, P.J., Dissents in Separate Opinion.
WILLIAM W. FRANCIS, JR., C.J., Concurs.

. We refer to the parties as did the petition below, plaintiff/appellant as "St. John's” and defendant/respondent as "District.” Public entities enjoy sovereign immunity except as waived, abrogated, or modified by statute. Maune v. City of Rolla, 203 S.W.3d 802, 804 (Mo.App.2006). It is admitted that District is a public entity and a political subdivision of the state.

. Under the cited statute, District could purchase liability insurance for tort claims and, thereby, waive sovereign immunity "only to the maximum amount of and only for the purposes covered by such policy of insurance. ...”

."A public entity does not waive its sovereign immunity by maintaining an insurance policy where that policy includes a provision stating that the policy is not meant to constitute a waiver of sovereign immunity.” Langley v. Curators of Univ. of Mo., 73 S.W.3d 808, 811 (Mo.App.2002). See also State ex rel. Bd. of Trustees v. Russell, 843 S.W.2d 353, 360 (Mo. banc 1992); Brooks v. City of Sugar Creek, 340 S.W.3d 201, 208 (Mo.App.2011). District’s policy was of this type.

. Primarily State ex rel. Eagleton v. Hall, 389 S.W.2d 798 (Mo. banc 1965), and Kleban v. Morris, 363 Mo. 7, 247 S.W.2d 832 (1952). Notably, no waiver of sovereign immunity was found in either of these cases.

. See also Richardson v. City of St. Louis, 293 S.W.3d 133, 137 (Mo.App.2009) (“Missouri courts have routinely held that sovereign immunity is not an affirmative defense”); Townsend v. Eastern Chemical Waste Systems, 234 S.W.3d 452, 470 (Mo.App.2007) (“it is well settled in Missouri that sovereign immunity is not an affirmative defense”). Not surprisingly, sovereign immunity is not among 23 affirmative defenses listed in Rule 55.08, as St. John’s concedes. Rule 55.27, which St. John's repeatedly cites, addresses the requirement to timely assert defenses (or objections) by pleading or motion.

. St. John's also proffers a theory of waiver/estoppel based on District’s allegedly inaccurate or incomplete discovery response as to its insurance coverage. We do not find this claim persuasive in light of established law and St. John’s inability to cite a supporting case. In any event, this argument lies outside of St. John's stated point on appeal and fails on that basis alone. See J.L.M. v. R.L.C., Jr., 132 S.W.3d 279, 290 n. 8 (Mo.App.2004).