

# Missouri Court of Appeals
## Southern District
### Division One

JANE DOE, as next friend on behalf of JOHN DOE MINOR, a minor, )
)
)
Appellant, )
)
vs. ) No. SD36665
)
JOHN GARAGNANI, and ) FILED: October 26, 2020
CAMDENTON R-III SCHOOL )
DISTRICT, )
)
Respondents. )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Peggy Richardson, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Appellant ("Plaintiff") appeals from summary judgments entered in favor of Respondents ("Defendants," and individually "District" and "Teacher"). We affirm as to District based on sovereign immunity. We reverse and remand as to Teacher, who has not established his right to judgment as a matter of law on this record.

**Background**

Plaintiff, a high-schooler, sued Defendants in tort, alleging he had asked to leave class due to an urgent restroom need, but Teacher refused contrary to school policies, causing Plaintiff to wet himself in the classroom in front of his peers.

Without answering or conducting discovery, Defendants immediately sought summary judgment based on sovereign immunity (District) and official

immunity or the public-duty doctrine (Teacher).  Their one-fact SUMF[1] asserted that District's liability insurance expressly excluded claims "barred by … sovereign immunity … and nothing in this Document shall constitute any waiver of whatever kind of the defense of sovereign immunity."

After briefing and argument, the trial court granted Defendants' motion, entering summary judgment as requested for District based on sovereign immunity and for Teacher based on official immunity or the public-duty doctrine. This appeal follows.

## Principles of Review

We do not defer to the trial court's decision, but instead review a grant of summary judgment de novo using the same criteria the trial court should have used. ***Green v. Fotoohighiam***, 606 S.W.3d 113, 115 (Mo. banc 2020).

Missouri summary-judgment practice is governed by Rule 74.04 and the famed ***ITT*** case.  ***Id***. at 116 (citing ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371 (Mo. banc 1993)).  As relevant here:

- If District or Teacher established a prima facie right to judgment any of three ways recognized by ***ITT***,[2] Plaintiff could not rest on mere allegations or denials, but had to contradict that prima facie showing by reference to affidavits, discovery, or admissions on file; otherwise "judgment is properly entered against the non-movant because the movant has already established a right to judgment as a matter of law." ***ITT***, 854 S.W.2d at 381.

- Rule 74.04(c) creates the standard procedural framework for such analysis.  Indeed, summary judgment "'rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses

---

[1] Statement of uncontroverted material facts; *see* Rule 74.04(c).  In reviewing summary judgment, we look to the Rule 74.04(c) numbered paragraphs and responses to determine which facts, if any, have been established and which facts, if any, are genuinely disputed. ***Lackey v. Iberia R-V Sch. Dist.***, 487 S.W.3d 57, 61-62 (Mo.App. 2016).

[2] Per ***ITT***, 854 S.W.2d at 381:

a "defending party" may establish a right to judgment by showing  (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*alone.'"* ***Green***, 606 S.W.3d at 117-18 (quoting ***Jones v. Union Pac. R.R. Co.***, 508 S.W.3d 159, 161 (Mo.App. 2016)).

## Sovereign Immunity (District)

"District, a public entity, enjoys sovereign immunity except as waived," and Plaintiff "must plead and prove such waiver as part of his case in chief." ***Lackey***, 487 S.W.3d at 59. The latter "is well settled." ***St. John's Clinic, Inc. v. Pulaski County Ambulance Dist.***, 422 S.W.3d 469, 471 & n.5 (Mo.App. 2014).

Although Plaintiff alleged District's liability insurance worked a waiver of sovereign immunity (*see* RSMo § 537.610.1), Defendants' SUMF and attached policy showed otherwise.[3] As a result, the trial court found no sovereign-immunity waiver and that "Plaintiff's Petition states no claim against the District on which relief may be granted."

Plaintiff's first point on appeal alleges that District did not lay a proper foundation to admit the insurance policy, yet "we find that Plaintiff[] failed to raise the issue in the trial court, and it may not be raised for the first time on appeal." ***Scholes v. Great Southern Bank***, 519 S.W.3d 519, 523 (Mo.App. 2017). Plaintiff's arguments fail anyway, particularly his theory that the insurance policy was hearsay.[4] We deny Point 1 and affirm the summary judgment in District's favor.

## Official Immunity & Public-Duty Doctrine (Teacher)

However, the record does not support Teacher's summary judgment based on official immunity or the public-duty doctrine.

---

[3] "A public entity does not waive its sovereign immunity by maintaining an insurance policy where that policy includes a provision stating that the policy is not meant to constitute a waiver of sovereign immunity." ***Langley v. Curators of Univ. of Missouri***, 73 S.W.3d 808, 811 (Mo.App. 2002). *See also* ***State ex rel. Bd. of Trustees. v. Russell***, 843 S.W.2d 353, 360 (Mo. banc 1992); ***State ex rel. Cass Med. Ctr. v. Mason***, 796 S.W.2d 621, 623-24 (Mo. banc 1990); ***St. John's Clinic***, 422 S.W.3d at 470 n.3; ***Brooks v. City of Sugar Creek***, 340 S.W.3d 201, 208-09 (Mo.App. 2011).

[4] "When a suit is brought for breach of a written contract, no one would think to object that a writing offered as evidence of the contract is hearsay." 2 McCormick on Evid. § 249 (8th ed., Jan. 2020 update). We think the same when an insurance policy is produced to rebut an opposing party's allegations about policy terms.

*Official Immunity*

Official immunity, a judicially-created doctrine, shields public employees from negligence liability for discretionary acts performed in the course of official duties, but not for ministerial acts. ***Southers v. City of Farmington***, 263 S.W.3d 603, 610 (Mo. banc 2008). "Thus, the key to official immunity is whether the public employee was performing a discretionary task, for which there is immunity, or a non-discretionary ministerial task, for which there is not." ***A.F. v. Hazelwood Sch. Dist.***, 491 S.W.3d 628, 631 (Mo.App. 2016). Public school teachers are public officials who may qualify for official immunity. ***Id.***

Whether an act is discretionary or ministerial, for this purpose, depends on the degree of reason and judgment required to perform the act. ***McCoy v. Martinez***, 480 S.W.3d 420, 425 (Mo.App. 2016).

> An act is discretionary when it requires the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued. Conversely, a ministerial duty is of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.

***Id.*** (citations, formatting, and some punctuation omitted).

Unlike sovereign immunity, official immunity is an affirmative defense that Teacher had the burden to prove. ***Nguyen v. Grain Valley R-5 Sch. Dist.***, 353 S.W.3d 725, 730 (Mo.App. 2011). For summary judgment, Teacher needed to demonstrate undisputed facts establishing his affirmative defense (***id***. at 731), for which we normally consider "appropriate Rule 74.04(c) numbered paragraphs and responses *alone*." ***Green***, 606 S.W.3d at 117-18. Yet Defendants limited their SUMF to District's sovereign-immunity claim and offered no facts in Teacher's defense. "In short, [Defendants] simply did not establish through undisputed facts that [Teacher] was entitled to official immunity and judgment as a matter of law." ***Nguyen***, 353 S.W.3d at 732.[5]

---

[5] Teacher argues that Plaintiff's pleading alone justified summary judgment, to which we offer two replies. First, summary judgment is subject to a higher, fact-based standard than motions to dismiss. *See **Whithaus v. Curators of Univ. of Missouri***, 347 S.W.3d

*Public-Duty Doctrine*

"The public duty doctrine states that a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual." **Southers**, 263 S.W.3d at 611. It is not an affirmative defense, but rather "negates the duty element required to prove negligence, such that there can be no cause of action for injuries sustained as the result of an alleged breach of public duty to the community as a whole." *Id.* at 612. Its protections are subject to exceptions, including actions taken in bad faith or with malice, or "when injury to a particular, identifiable individual is reasonably foreseeable as a result of a public employee's breach of duty," with liability in the latter situation dependent on the facts of each case. *Id*.

Here, as with official immunity, Teacher does not prove a right to judgment under the Rule 74.04(c) record or otherwise. A bare assertion that the public-duty doctrine applies, without Rule 74.04(c) factual support, does not satisfy Teacher's burden to make the prima facie showing required by **ITT**. We grant Point 2.

## Conclusion

We affirm the judgment as to District. As to Teacher, we reverse and remand for further proceedings.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

102, 104 (Mo.App. 2011); **Fortenberry v. Buck**, 307 S.W.3d 676, 679 (Mo.App. 2010). Second, even under the lower standard, dismissal lies only if the petition *irrefutably* establishes, *on its face and without exception*, that the affirmative defense applies and the claim is barred. S*ee* **Cornelius v. CJ Morrill**, 302 S.W.3d 176, 179 (Mo.App. 2009). That was not the case here.