

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| SUSAN HAYS, | ) | No. ED111748 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | Cause No. 15SF-CC00103 |
| | ) | |
| STATE OF MISSOURI | ) | Honorable Brice R. Sechrest |
| DEPARTMENT OF CORRECTIONS | ) | |
| | ) | |
| Appellant. | ) | FILED: April 23, 2024 |

### Opinion

Following a jury verdict in favor of Susan Hays (Plaintiff) on her Missouri Human Rights Act (MHRA) claim, the trial court applied a 1.5 multiplier to Plaintiff's award of attorneys' fees. The State of Missouri Department of Corrections (DOC) appeals from the trial court's judgment applying a multiplier to the award of attorneys' fees. In its sole point on appeal, DOC argues the trial court erred in applying a multiplier because sovereign immunity bars the use of a multiplier. Inasmuch as DOC failed to preserve its claim for appellate review, we must dismiss the appeal. On remand, we direct the trial court to award Plaintiff reasonable appellate attorneys' fees.

### Background

Plaintiff prevailed in a March 2023 jury trial on her MHRA claim of sexual harassment against DOC. The jury awarded Plaintiff $125,000 in actual damages and $400,000 in punitive

damages.  Plaintiff then moved for attorneys' fees pursuant to Section 213.111.2.[1]  Plaintiff

sought a lodestar amount of $299,704.25 and a 1.5 multiplier for a total of $449,556.37.  DOC

opposed Plaintiff's motion.  In its motion in opposition, DOC acknowledged that a prevailing

plaintiff in an MHRA case is entitled to reasonable attorneys' fees.  However, DOC argued that

the lodestar and the multiplier requested by Plaintiff were unreasonable.  In particular, DOC

contended that the application of a multiplier was not proper, as the multiplier factors, derived

from *Berry v. Volkswagen Grp. of America, Inc.,* 397 S.W.3d 425 (Mo. banc 2014), were not met

because Plaintiff did not demonstrate that the lodestar amount was insufficient, that DOC

unjustifiably delayed proceedings, or that Plaintiff's claim required extraordinary expenses.  The

trial court granted Plaintiff's motion for attorneys' fees as requested.  This appeal follows.  Here,

Plaintiff moved for appellate attorneys' fees, and we took the motion with the case.

## Discussion

In its sole point on appeal, DOC alleges that the trial court erred in applying a 1.5

multiplier because the use of a multiplier is barred by sovereign immunity.  Plaintiff argues that

DOC waived appellate review because it failed to preserve the issue of sovereign immunity at

the trial level.  We agree and dismiss the appeal as, pursuant to Rule 84.13,[2] allegations of error

not presented to or expressly decided by the trial court shall not be considered in any civil appeal

from a jury-tried case.

We must address the issue of preservation as a threshold matter to appellate review.  *See*

*Cable v. State*, 634 S.W.3d 845, 849 n.4 (Mo. App. S.D. 2021).  Rule 84.04(e) requires an

appellant to include a concise statement describing whether the error was preserved for appellate

review and, if so, how it was preserved.  Here, DOC's statement of preservation and standard of

---

[1] All Section references are to RSMo (2000), unless otherwise indicated.
[2] All Rule references are to RSMo (2023), unless otherwise indicated.

review fail to adhere to Rule 84.04(e) because it did not state whether or how the claim was preserved. DOC's noncompliant preservation statement was ineffective, as "[i]t is not this Court's duty to demonstrate appellant's argument is properly preserved for our review." *Dodson v. Aldrich*, 681 S.W.3d 727, 733 (Mo. App. W.D. 2023) (quoting *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 897 (Mo. App. E.D. 2021)).

Plaintiff raised the preservation issue in her respondent's brief, and DOC maintained in its reply brief that the issue had been properly preserved. Nevertheless, DOC fails to identify where in the record it presented the trial court an opportunity to consider the specific issue of whether sovereign immunity bars the application of a multiplier to attorneys' fees under the MHRA. Rule 84.13 requires appellants to preserve claims for appellate review by raising them at the trial court:

> Apart from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or properly briefed shall not be considered in any civil appeal and allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case.

Rule 84.13. In accordance with Rule 84.13, "[i]t is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *39 Bell, LLC v. K&K, Inc.*, 584 S.W.3d 823, 828 (Mo. App. W.D. 2019) (quoting *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014)). Thus, "[i]f a claim of error was not presented for the trial court's review, we will not consider the issue for the first time on appeal." *Schaberg v. Schaberg*, 637 S.W.3d 512, 523–24 (Mo. App. E.D. 2021) (citing *39 Bell*, 584 S.W.3d at 828); *Osage Mobile Home Park, LLC v. Jones*, 571 S.W.3d 623, 624 (Mo. App. W.D. 2019) (internal quotation omitted). "Generally, we do not review claims raised for the first time on appeal because '[w]e will not convict a trial court of error for an issue not presented for its

3

determination.'" *Dotson v. Dillard's, Inc.,* 472 S.W.3d 599, 603 n.2 (Mo. App. W.D. 2015) (internal quotation omitted). "This requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid 'the delay, expense, and hardship of an appeal and retrial.'" *39 Bell*, 584 S.W.3d at 828 (quoting *Brown*, 423 S.W.3d at 787–88).

Here, DOC first suggests that its argument against the reasonableness of the 1.5 multiplier—contained in its trial memorandum in opposition to attorneys' fees—sufficiently encompassed a challenge based on sovereign immunity to preserve the issue for appellate review. We disagree, as sovereign immunity is a specific doctrine that is mentioned nowhere in the trial court record. *See Interest of Y.B.,* 669 S.W.3d 695, 699 (Mo. App. S.D. 2023) (internal quotation omitted) ("The failure to object at the trial on the same basis as that asserted on appeal fails to preserve that issue for appellate review.").

Alternatively, DOC suggests that, even if it failed to preserve the claim in the trial court, sovereign immunity may be raised for the first time on appeal. While Rule 84.13 requires claims of trial court error to be preserved, "[t]he primary exception to this general rule of waiver is jurisdiction." *Jacoby v. Hamptons Cmty. Ass'n, Inc.*, 602 S.W.3d 869, 873 n.2 (Mo. App. E.D. 2020) (quoting *AMG Franchises, Inc. v. Crack Team USA, Inc.*, 289 S.W.3d 655, 659 (Mo. App. E.D. 2009)) (noting subject matter jurisdiction may be raised at any time during the proceedings, including for the first time on appeal). Rule 84.13 excludes "questions of jurisdiction of the trial court over subject matter" from waiver of appellate review due to lack of preservation.

Sovereign immunity is a doctrine Missouri courts have recognized since 1821 that makes the state immune from suit absent consent. *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors,* 476 S.W.3d 913, 921 (Mo. banc 2016) (internal citation omitted). The General Assembly consented to suit under the MHRA and, in Section 213.111.2, specifically consented

4

to reasonable attorneys' fees incurred therein.[3] *Jones v. City of Kansas City*, 569 S.W.3d 42, 57 (Mo. App. W.D. 2019), *overruled on other grounds by Wilson v. City of Kansas City*, 598 S.W.3d 888 (Mo. banc 2020). "[T]he doctrine of sovereign immunity 'offers no defense' to the award of court costs and reasonable attorneys' fees under 213.111.2." *Id.* at 57 n.15 (quoting *H.S. v. Bd. of Regents, Se. Mo. State Univ.*, 967 S.W.2d 665, 673–74 (Mo. App. E.D. 1998)). DOC concedes the trial court was authorized to award reasonable attorneys' fees to Plaintiff on her MHRA claim under Section 213.111.2, but contends that statutory waiver of sovereign immunity does not extend to the use of a multiplier.

DOC's efforts to frame its unpreserved claim in jurisdictional terms is contrary to Missouri jurisprudence set forth in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). There, "the Missouri Supreme Court explained that courts had used the term 'jurisdiction' overbroadly and imprecisely, and that, henceforth, 'the courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction." *State ex rel. Wratchford v. Fincham*, 521 S.W.3d 710, 713 n.1 (Mo. App. W.D. 2017) (citing *Webb*, 275 S.W.3d at 254). Subject matter jurisdiction is "the court's authority to render a judgment in a particular category of case." *Webb*, 275 S.W.3d at 253. In contrast, "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Id.* at 255 (internal citation omitted). "Elevating statutory restrictions to matters of 'jurisdictional competence' erodes the constitutional boundary

---

[3] "The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party, other than a state agency or commission or a local commission; except that, a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without foundation." Section 213.111.2. Section 213.111 was subsequently amended in 2017. The amended statute contains no differences in the challenged subsection at issue here.

5

established by article V of the Missouri Constitution, as well as the separation of powers doctrine, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides." *Id.* at 254.

In this case, DOC acknowledges the Supreme Court's distinction between jurisdiction and statutory authority but maintains that sovereign immunity is similar to the threshold issues of standing and subject matter jurisdiction. *See Schaberg*, 637 S.W.3d at 519 (quoting *Roedder v. Callis,* 375 S.W.3d 824, 826 n.2 (Mo. App. E.D. 2012)) (noting, like subject matter jurisdiction, the justiciability question of standing may be asserted for the first time on appeal). Prior to *Webb*, in the context of writs of prohibition, the Supreme Court recognized that "[c]laims of sovereign immunity have jurisdictional aspects and so may be properly the subject of prohibition." *State ex rel. Trimble v. Ryan*, 745 S.W.2d 672, 673 n.1 (Mo. banc 1988) (citing *State ex rel. St. Louis Housing Authority v. Gaertner,* 695 S.W.2d 460, 462 (Mo. banc 1985)). We are bound to follow the Supreme Court's most recent guidance on what questions implicate jurisdiction.

DOC recognizes that the MHRA statutorily waives sovereign immunity for purposes of being sued and for the award of reasonable attorneys' fee, however, DOC argues the MHRA does not extend to waive sovereign immunity for fee multipliers. The question on appeal therefore concerns a statutory limit on remedies and does not concern either Plaintiff's standing to sue DOC or the trial court's subject matter jurisdiction to hear MHRA claims and rule on requests for attorneys' fees. *See Webb*, 275 S.W.3d at 254–55.

Further, in light of *Webb*, Missouri courts have rejected the theory that sovereign immunity is jurisdictional. *See St. John's Clinic, Inc. v. Pulaski Cnty. Ambulance Dist.*, 422 S.W.3d 469, 471 (Mo. App. S.D. 2014) (citing *Webb*, 275 S.W.3d at 251–54). *St. John's Clinic*

noted that elevating statutory sovereign immunity to jurisdictional competence "runs afoul of [*Webb*] . . . and its progeny." *Id.* DOC acknowledges the ruling in *St. John's Clinic* and has not offered any contrary authority to compel us to hold otherwise. DOC's reliance on the dissent in *St. John's Clinic* is as unavailing as the majority, because neither addresses Rule 84.13 preservation. *See id.* at 473 (Rahmeyer, J., dissenting) (proposing sovereign immunity be included in the concept of personal jurisdiction so as to be waivable under Rule 55.27's responsive pleading requirements). Even if sovereign immunity were found to be similar to personal jurisdiction for purposes of Rule 55.27 waiver as the *St. John's Clinic* dissent suggests, it would still be subject to the preservation requirements for appellate review. *See, e.g., Int. of J.J.R.H.,* 643 S.W.3d 917, 918 (Mo. App. S.D. 2022) (citing *Dieckmann v. JH Constr. 2, LLC,* 619 S.W.3d 513, 520 (Mo. App. 2021)) (noting, unlike subject matter jurisdiction, "an allegation of error concerning lack of personal jurisdiction cannot be properly raised for the first time on appeal").

DOC has not persuasively demonstrated that the issue of waiver of sovereign immunity for MHRA attorneys' fees multipliers falls under the jurisdictional exception to the preservation requirements of Rule 84.13. *See* Rule 84.13; *Cable*, 634 S.W.3d at 849 n.4 (citing Rule 84.04(e)); *39 Bell*, 584 S.W.3d at 828 (quoting *Brown,* 423 S.W.3d at 787). Therefore, we find DOC's claim is unpreserved for appellate review. Accordingly, we dismiss the appeal.

We next consider Plaintiff's motion for attorneys' fees incurred in responding to this appeal. The MHRA's authorization for a prevailing party's attorneys' fees includes appellate attorneys' fees. *Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 58 (Mo. App. W.D. 2016) (internal citation omitted). Given that Plaintiff briefed and orally argued the jurisdictional and merits-based issues presented by DOC's appeal, and we are dismissing on the grounds that

7

Plaintiff raised, Plaintiff is the prevailing party in securing dismissal of the appeal. *See id.*; *see also Joemo Holdings, LLC v. Unique Creations Salon, LLC*, 657 S.W.3d 217, 221 n.2 (Mo. App. W.D. 2022) (internal quotation omitted) (awarding prevailing-party attorneys' fees when dismissing an appeal for lack of jurisdiction); *Walsh v. City of Kan. City*, 481 S.W.3d 97, 115 (Mo. App. W.D. 2016) (internal citations omitted) (noting "[a] 'prevailing party' includes one who prevails in an action brought under the MHRA, is awarded attorney[s'] fees by the trial court, and who successfully defends that favorable judgment on appeal"). Consequently, we grant Plaintiff's motion for appellate attorneys' fees. "Although appellate courts have authority to allow and fix the amount of attorneys' fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Soto*, 502 S.W.3d at 58 (internal quotation omitted). Accordingly, on remand, we direct the trial court to determine and award Plaintiff reasonable attorneys' fees.

## Conclusion

The appeal is dismissed, and we remand the matter to the trial court for a determination of reasonable appellate attorneys' fees.

*Rebeca Navarro-McKelvey*
_____
Rebeca Navarro-McKelvey, J.

Thomas C. Clark, II., C.J., and
John P. Torbitzky, J., concur.