

# Missouri Court of Appeals
## Southern District

### In Division

TERRY METCALF,            )
                                 )
       Plaintiff-Appellant,    )
                                 )
      v.                    )      No. SD38276
                                 )
FLORENCE LORENE BEARD, et al.,   )      **Filed: May 14, 2025**
                                 )
       Defendants-Respondents.   )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

The Honorable David A. Cole, Judge

### <u>AFFIRMED</u>

Terry Metcalf ("Appellant") brought suit against four government employees (collectively, "the Employees"): three in their individual and official capacities – Nicole R. Galloway ("Galloway"), Pamela Allison ("Allison"), and Florence Lorene Beard ("Beard"); and one in her individual capacity only – Melinda McElroy ("McElroy"). Appellant sued the Employees for malicious prosecution, negligence, and tortious interference with a business relationship. Appellant also sued Beard, Galloway, and Allison for injurious falsehood and Beard alone for abuse of process and civil

1

conspiracy.[1]  After three Employees filed motions to dismiss and another filed a motion for judgment on the pleadings,[2] the trial court dismissed all of Appellant's claims as to all parties and entered Judgment.  Appellant appeals raising 30 points relied on.  Because we determine that Appellant's claims against the Employees are barred by sovereign immunity, official immunity, and the public duty doctrine, we affirm the Judgment of the trial court dismissing Appellant's claims.

### Factual History and Procedural Background

From 2006 through 2014, Appellant served on the Board of Commissioners for the Buck Prairie Special Road District ("the District"), a road district and political subdivision of the State of Missouri, which maintains miles of rural road in southeastern Lawrence County, Missouri.  He also owned and operated a business that provided services to the District, such as the rental of a dump truck and other equipment.  Appellant's petition, which spans 36 pages, claims that Beard falsely told Lawrence County Sheriff's Department ("LCSD") Detective McElroy that "there had been stealing

---

[1] Appellant initially named Kay Leffingwell as a defendant in the underlying case as well. However, on May 23, 2023, Appellant voluntarily dismissed her from the case.  Since Beard and Leffingwell were the only two defendants in the civil conspiracy claim, and civil conspiracy requires at least two people, *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012), we assume, for the purposes of this opinion, that Appellant's dismissal of Leffingwell mooted the civil conspiracy claim as to Beard.

[2] Though a motion to dismiss and a motion for judgment on the pleadings are similar yet distinct motions, we treat them the same for the purposes of this opinion, as Appellant has not raised any claims on appeal with respect to the trial court's failure to grant him leave to amend his petition after granting the motions to dismiss.  *See In re Marriage of Busch*, 310 S.W.3d 253, 260 (Mo. App. E.D. 2010).  As such, procedurally these two different motions operate identically for the purposes of this appeal.

2

within the District," which led to what Appellant characterizes in his brief as an "attempted" prosecution of Appellant. Appellant also alleges that Beard initiated an audit of the District and of Appellant, and purposely withheld documents from the Missouri State Auditor's Office. Appellant's petition claims that Galloway and Allison, both with the State Auditor's Office, knew or should have known they had an incomplete and inaccurate set of documents upon which to conduct their audit, but proceeded with the audit nonetheless. McElroy, according to Appellant, released documents involved in the investigation of Appellant to a private citizen and filed a false probable cause statement against Appellant.

Appellant sued Allison, an audit manager with the Missouri State Auditor's Office, Galloway, the state auditor for the Missouri State Auditor's Office, and Beard, agent, member, and Commissioner of the District, in their individual and official capacities. He sued McElroy, a detective with the LCSD, in her individual capacity.

All the Employees filed motions to dismiss, alleging, *inter alia*, that Appellant's claims are barred by sovereign immunity, official immunity, the public duty doctrine, and failure to state a claim.[3] The trial court granted the motions to dismiss without explanation. This appeal follows.

---

[3] Galloway and Allison are both from the Missouri State Auditor's office, and filed one joint motion to dismiss. Beard filed a separate motion to dismiss and McElroy filed a motion for judgment on the pleadings. In their respective motions, all Employees raised the issue of immunity, and certain Employees raised failure to state a claim. While each of the Employees did not raise sovereign immunity or official immunity with respect to each individual count that Appellant pled against them, they all raised immunity and/or failure to state a claim. Because immunity is a part of the plaintiff's *prima facie* case and is not subject to waiver, *St. John's*

3

**Standard of Review**

We review the trial court's grant of a motion to dismiss de novo. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. banc 2009). A plaintiff's averments are taken as true, and all reasonable inferences therefrom are liberally construed in the plaintiff's favor. *Id.* Where, as here, the court gives no basis for its dismissal, we must presume it was based on one of the grounds stated in the motion to dismiss. *Duvall v. Lawrence*, 86 S.W.3d 74, 78 (Mo.App.E.D.2002). We review only the grounds in the motion and must affirm if dismissal was appropriate on any ground supported by the motions. *In re Estate of Austin*, 389 S.W.3d 168, 171 (Mo. banc 2013).[]

*A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 631 (Mo. App. E.D. 2016) (footnote omitted).[4] "A circuit court's judgment sustaining a motion to dismiss will be affirmed if the factual allegations in the petition, taken as true, establish [the Employees] are entitled to immunity." *A.S. v. Willard Pub. Schs.*, 702 S.W.3d 276, 279 (Mo. App. S.D. 2024) (citing *Forester v. May*, 671 S.W.3d 383, 386 (Mo. banc 2023)).

Appellant brings 30 points on appeal. Because we hold, in accordance with prior decisions of our Supreme Court, that sovereign immunity bars suit against government or public entities, who can only act through their employees, and public employees are covered by official immunity, as well as the public duty doctrine in claims of negligence, we address only those issues in this opinion. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008).

---

*Clinic, Inc. v. Pulaski Cnty. Ambulance Dist.*, 422 S.W.3d 469, 471 (Mo. App. S.D. 2014), what each Employee pled in response to each charge against her is not pivotal to our analysis.

[4] As previously mentioned, McElroy filed a motion for judgment on the pleadings which the trial court granted. A trial court's grant of a motion for judgment on the pleadings is also reviewed *de novo*. *City of St. Louis v. State*, 682 S.W.3d 387, 396 (Mo. banc 2024).

**Analysis**

*Sovereign Immunity Protects the Employees from Suit in their Official Capacities because such a Lawsuit is a Prohibited Respondeat Superior Suit Against the State*

Appellant sued three of the Employees, Galloway, Allison, and Beard, in their official capacities.

> "'Sovereign immunity is a judicial doctrine that precludes bringing suit against the government without its consent.'" *State ex rel. Cravens v. Nixon*, 234 S.W.3d 442, 449 (Mo. App. W.D. 2007) (quoting *State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. banc 2002)). "'Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state.'" *Id.* (quoting *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. App. W.D. 2002)).

*Suppes v. Curators of Univ. of Missouri*, 613 S.W.3d 836, 855 (Mo. App. W.D. 2020).

It is important to note that:

> "Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case." *Shifflette v. Missouri Dept. of Nat. Resources*, 308 S.W.3d 331, 334 (Mo.App. [W.D.] 2010). This is well settled. *Maune* [*ex rel. Maune v. City of Rolla*], 203 S.W.3d [802,] 804 [(Mo. App. S.D. 2006)].[] [Appellant's] burden as plaintiff was "to establish a sovereign immunity waiver as part and parcel of any pleaded theory against [Employees]." *Id.*

*St. John's Clinic, Inc. v. Pulaski Cnty. Ambulance Dist.*, 422 S.W.3d 469, 471 (Mo. App. S.D. 2014) (footnote omitted).

"Sovereign immunity is the default rule in all suits against the state[,]" including tort and non-tort claims. *Ramirez v. Missouri Prosecuting Attorneys'*, 694 S.W.3d 432, 437 (Mo. banc 2024). "[T]he only inquiry is whether the state waived its sovereign immunity through express statutory consent or a recognized common law exception." *Id.* As such, absent an exception, the doctrine of sovereign immunity applies to bar claims against the Employees in their official capacities. *See State ex rel. Love v. Cunningham*,

5

689 S.W.3d 489, 495 (Mo. banc 2024); *see also* **State ex rel. Alsup v. Kanatzar**, 588 S.W.3d 187, 190 (Mo. banc 2019).

Appellant argues that sovereign immunity offers tort protection only for government entities and not their employees. However, we agree with the Employees that "[s]overeign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." **Suppes**, 613 S.W.3d at 855 (quoting **Cravens**, 234 S.W.3d at 449). While common-law sovereign immunity (now codified in Missouri's statutes at sections 537.600 to 537.650[5]) belongs only to state entities, those entities act through their employees, and actions to recover against these entities must be brought under the doctrine of *respondeat superior*. **Southers**, 263 S.W.3d at 609. Said another way, "sovereign immunity protects governmental entities from tort liability and can be invoked when [as here] a governmental official is sued only in his or her official capacity." **Love**, 689 S.W.3d at 494 (quoting **Alsup**, 588 S.W.3d at 190).

Appellant also argues that he properly pled two exceptions to the doctrine of sovereign immunity: (1) malice; and (2) violations of ministerial duties. However, both of these exceptions apply to the doctrine of official immunity, rather than sovereign immunity. *See* **Love**, 689 S.W.3d at 495. Having failed to establish any waiver of sovereign immunity as part of his pleadings, sovereign immunity operates to bar Appellant's claims. **St. John's**, 422 S.W.3d at 471.

*Official Immunity Bars Appellant's Claims Against
All the Employees in Their Individual Capacities*

---

[5] Unless otherwise noted, all statutory references are to RSMo 2016.

Appellant sued all the Employees in their individual capacities as well. In *Love*, our Supreme Court recently summarized official immunity as it applies to protect employees of the Missouri Highways and Transportation Commission from suit in their individual capacities:

> "Missouri has long-applied the doctrine of official immunity." *Southers*[,] 263 S.W.3d [at] 610 [] (citing *Reed v. Conway*, 20 Mo. 22 (1854)). "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Id.* at 611. "The purpose of this doctrine is to allow public officials to make judgments affecting the public safety and welfare without the fear of personal liability." *Alsup*, 588 S.W.3d at 190 (alteration omitted) (internal quotation omitted). "This is because, if an officer is to be put in fear of financial loss at every exercise of his official functions, the interest of the public will inevitably suffer[.]" *Id.* at 190-91 (alterations omitted) (internal quotation omitted). "[W]hen a public official asserts the affirmative defense of official immunity, she should be afforded such immunity so long as she was acting within the scope of her authority and without malice." *Id.* at 191. "A finding that a public employee is entitled to official immunity does not preclude a finding that he or she committed a negligent act—because official immunity does not deny the existence of the tort of negligence, but instead provides that an officer will not be liable for damages caused by his negligence." *Southers*, 263 S.W.3d at 611.
>
> "'Immunity' connotes not only immunity from judgment but also immunity from suit." *State ex rel. Morales v. Alessi*, 679 S.W.3d 467, 471 (Mo. banc 2023) (internal quotation omitted). "Courts applying the doctrine of official immunity must be cautious not to construe it too narrowly lest they frustrate the need for relieving public servants of the threat of burdensome litigation." *Alsup*, 588 S.W.3d at 191 (internal quotation omitted).

689 S.W.3d at 495.

"Official immunity . . . protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Love*, 689 S.W.3d at 494-95 (quoting *Alsup*, 588 S.W.3d at 190).

Appellant does not argue that any of the Employees were not public officials; rather, he argues that he properly pled the ministerial duty and malice exceptions to the official immunity doctrine. Appellant is correct in that:

> Official immunity does not apply, and a public official may be held personally liable for the damages the official caused, in two narrow exceptions: (1) when a public official fails to perform a ministerial duty required of the official by law, or (2) when a public official acts in bad faith or with malice.

*Love*, 689 S.W.3d 495.

We address the ministerial-duty exception first. *Love* addressed this exception in-depth, and we again quote from *Love*:

> [O]fficial immunity does not apply when a public official fails to perform a ministerial duty required of the official by law. *Morales*, 679 S.W.3d at 471. A ministerial duty is clerical. *Id.* "[A] ministerial duty compels a task of such a routine and mundane nature that it is likely to be delegated to subordinate officials." *Id.* (internal quotation omitted). A duty is considered ministerial when the "act is to be performed upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to the public official's judgment or opinion concerning the propriety or impropriety of the act to be performed." *Id.* (internal quotation omitted). "The central inquiry is not whether the law confers a duty to act but, instead, whether the public official retains *any* discretion in completing an act[.]" *Id.* at 472. . . . "When even slight discretion exists, the duty is not ministerial." *Id.* at 473.

689 S.W.3d at 495-96.

In order to survive a motion to dismiss based upon official immunity, Appellant must allege that the Employees breached a duty that has been imposed upon them by statute, regulation, or any other obligation. *Stephens v. Dunn*, 453 S.W.3d 241, 253 (Mo. App. S.D. 2014). A review of Appellant's petition reveals that he has failed to allege such facts.

His petition contains inadequate, generic, and conclusory claims that the Employees failed to perform their ministerial duties. The most specific allegations that he makes are that:

- McElroy "violated LCSD mandatory policies in her release of the documents to [] Beard";
- Beard "gave the Auditor's Office a small fraction (one incomplete box) of the mass of documents [] McElroy had improperly released to" Beard;
- Beard "filtered the documents she received from the LCSD";
- Beard "concealed, hid, and/or destroyed the other documents [] McElroy gave her";
- Galloway and Allison "failed to ensure that the documents relied on for the audit were complete";
- Galloway and Allison "had the names and contact information of relevant contractors and vendors but never sought documents or information from them";
- Galloway and Allison "never sought relevant checks or bank records from the District's bank or any other bank";
- Galloway and Allison "failed to obtain a complete set of District records, failed to ensure that a complete set of records had been obtained, and failed to ensure that the records provided had not been through a break in the chain of custody"; and
- released documents to a private citizen without creating any sort of manifest and broke the chain of custody in violation of LCSD mandated policies.[6]

These allegations still fall short of Appellant's obligation to specifically plead a breach of a statutorily or departmentally-mandated obligation. *Stephens*, 453 S.W.3d at 251. Simply labeling duties as ministerial duties does not make them so. *Schlafly v. Cori*, 647 S.W.3d 570, 573 (Mo. banc 2022).

With respect to the bad faith or malice exception,

"[I]t is generally held that official immunity applies to all discretionary acts except those done in bad faith or with malice." [*State ex rel.*] *Twiehaus* [*v. Adolf*], 706 S.W.2d [443,] 446 (Mo. banc 2024); *see also Alsup*, 588 S.W.3d at 190; *Southers*, 263 S.W.3d at 610. "The relevant definition of bad faith or malice in this context ordinarily contains a requirement of actual intent to cause injury." *Twiehaus*, 706 S.W.2d at 447. "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence

---

[6] While Appellant does allege that this act violated "LCSD mandated policies" in his brief, he fails to state what that policy is or what it requires or prohibits.

9

would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Alsup*, 588 S.W.3d at 190 n.7 (quoting *Twiehaus*, 706 S.W.2d at 447).

*Love*, 689 S.W.3d at 496-97.

Appellant points this Court to specific sections of his petition wherein he claims he specifically pled "malice," but a review of those sections and the petition as a whole reveals that the allegations he pled are general and conclusory, which are inadequate under our standard of review. Appellant merely alleges the Employees acted "reckless and malicious"; "purposefully, maliciously, and intentionally failed to obtain a complete set of District records"; and instigated criminal proceedings against him "recklessly, out of malice, for improper purposes[.]" Conclusory allegations of bad faith or malice are legal conclusions, which this Court is not allowed to "blindly accept." *Id.* at 494, 497. Appellant's petition is devoid of any specific factual allegations that the Employees wished to cause him injury or death and, as such, is insufficient to plead an exception to the doctrine of official immunity. *Id.*

Because Appellant's claims are barred,[7] the trial court did not err in dismissing all claims as to all the Employees. The Judgment of the trial court is affirmed.[8]

---

[7] We also note that Appellant's negligence claims against the Employees are barred by the public duty doctrine, which states that a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual. *Southers*, 263 S.W.3d at 611. Appellant's pleading does not claim that the Employees owed him a duty any different than the duty which they owed to the general public. While the public duty doctrine, like official immunity, does not apply to conduct that is malicious or done in bad faith, *id.* at 612, we find Appellant has failed to plead those elements, as stated above.

[8] Two motions were taken with the case: Galloway and Allison's Motion to Dismiss (concerning finality of judgment for purposes of appeal) and Appellant's Motion to Strike (concerning section four of McElroy's brief). Both motions are denied herein as moot.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS